UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
INVENTORY GENERATION INC. D/B/A
COAST TO COAST DISPATCH and
EARL DAVID, individually and on behalf of all of those similarly situated,

                         Plaintiffs,

-vs-

SILVERLINE SERVICES INC., SHMUEL BRUMMEL,
PROVENTURE CAPITAL FUNDING LLC,
BENJAMIN ARYEH;
WYNWOOD CAPITAL GROUP LLC, ZALMEN
TEITELBAUM, SAM GROSS;
GLOBEX FUNDING LLC, JACK BROWN;
MCA RECEIVABLES, LLC D/B/A UNITED FUND USA,
YISROEL C. GETTER; JOHN DOES 1-10; and
JOHN DOE INVESTORS 1-10,

                         Defendants.
------------------------------------------------------------X

Civ. A. No. 1:22-cv-10529-PAE

**ORDER GRANTING PRELIMINARY INJUNCTION**

**PAUL A. ENGELMAYER, United States District Judge:**

This is an action involving several merchant cash advance agreements, which plaintiffs contend are in reality usurious loans in violation of New York law. On December 13, 2022, plaintiffs filed an emergency motion, pursuant to Federal Rule of Civil Procedure 65, seeking a temporary restraining order and preliminary injunction, 1) restraining and enjoining defendants MCA Receivables, LLC d/b/a United Fund USA and Yisroel C. Getter (collectively, the "MCA defendants") from issuing any levies against any of plaintiffs' bank accounts; and 2) restraining and enjoining TD Bank NA from enforcing or applying any levies issued by the MCA defendants to plaintiffs' bank accounts, including but not limited to the TD Bank account in the name of Inventory Generation Inc. ending in 6401 and the TD Bank account in the name of Earl David ending in 1178.

On December 14, 2022, this Court ordered that plaintiffs serve all of the defendants with the Order to Show Cause and Complaint, and further ordered a show cause hearing to take place on December 20, 2022. Dkt. 7.

On December 20, 2022, plaintiffs and counsel for plaintiffs appeared in Court. None of the defendants appeared. Satisfied that the defendants had been served and notified of the hearing, and finding that plaintiffs had satisfied the elements necessary for a temporary restraining order, the Court granted the requested temporary restraining order, and ordered TD Bank NA to immediately return all money that had been withdrawn from the TD Bank account in the name of Inventory Generation Inc. ending in 6401 and the TD Bank account in the name of Earl David ending in 1178 as a result of any pre-judgment levy by defendant MCA Receivables, LLC d/b/a United Fund USA. The Court directed that the defendants be served with the temporary restraining order, and that the parties appear on January 3, 2023, to give the defendants an additional opportunity to oppose the motion. Dkt. 11.

On December 23, 2022, pursuant to Federal Rule of Civil Procedure 4 and New York Civil Practice Law and Rules 308 and 311, the Court granted permission to plaintiffs to serve the MCA defendants by certified mail due to their refusal to accept service via process server. Dkt. 13.

On January 3, 2023, the Court held a hearing on the application for a preliminary injunction. Counsel for plaintiffs and counsel for defendants Silverline Services Inc. and Shmuel Brummel appeared. No other defendants appeared and no papers were submitted in opposition to the motion. The Court satisfied itself that the MCA defendants had been served in accordance with the Court's prior orders, and now rules on plaintiffs' application for a preliminary injunction.

"A party seeking a preliminary injunction must demonstrate: (1) 'a likelihood of success on the merits or . . . sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor'; (2) a likelihood of 'irreparable injury in the absence of an injunction'; (3) that 'the balance of hardships tips in the plaintiff's favor'; and (4) that the 'public interest would not be disserved' by the issuance of an injunction. *Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015) (ellipsis in original).

Having received no opposition papers from the MCA defendants, and the MCA defendants having failed to appear for the January 3, 2023 hearing, the Court hereby finds that plaintiffs have satisfied the elements necessary for a preliminary injunction, and hereby converts the previously granted temporary restraining order into a preliminary injunction.

Accordingly, it is hereby ordered that pending the determination and outcome of this case, the MCA defendants are hereby preliminarily enjoined from issuing any levies against any of plaintiffs' bank accounts, including but not limited to the TD Bank account in the name of Inventory Generation Inc. ending in 6401 and the TD Bank account in the name of Earl David ending in 1178.

Similarly, it is hereby ordered that pending the determination and outcome of this case, TD Bank NA is hereby preliminarily enjoined from enforcing or applying any levies issued by the MCA defendants to plaintiffs' bank accounts, including but not limited to the TD Bank account in the name of Inventory Generation Inc. ending in 6401 and the TD Bank account in the name of Earl David ending in 1178.

**SO ORDERED.**

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: January 3, 2023
        New York, New York