UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

INVENTORY GENERATION INC. D/B/A
COAST TO COAST DISPATCH and
EARL DAVID, individually and on behalf of all of
those similarly situated,

        Plaintiffs,

        v.

SILVERLINE SERVICES INC., SHMUEL BRUMMEL,
PROVENTURE CAPITAL FUNDING LLC,
BENJAMIN ARYEH; WYNWOOD CAPITAL GROUP
LLC, ZALMEN TEITELBAUM, SAM GROSS;
GLOBEX FUNDING LLC, JACK BROWN;
MCA RECEIVABLES, LLC D/B/A UNITED
FUND USA, YISROEL C. GETTER; JOHN DOES
1-10; and JOHN DOE INVESTORS 1-10,

        Defendants.

Civ. A. No. 1:22-cv-10529

---

## ANSWER OF DEFENDANTS MCA RECEIVABLES AND YISROEL GETTER

Defendants MCA Receivables and Yisroel Getter ("Defendants") hereby submit this Answer to the Complaint of Plaintiff Inventory Generation Inc. d/b/a Coast to Coast Dispatch and Earl David. Individually and on behalf of all of those similarly situated ("Plaintiffs") and states as follows.

### FIRST DEFENSE
**(Failure to State a Claim)**

Plaintiffs fail to state a claim upon which relief can be granted.

### SECOND DEFENSE
**(Answers in Response to Numbered Paragraphs)**

1.    Defendants denies the allegations in Paragraph 1 of the Complaint.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint.

3. In response to the allegation in Paragraph 3 of the Complaint that Bloomberg News published the referenced article, Defendants admit the allegation. To the extent that the allegation in Paragraph 3 implies any wrongdoing by Defendants, Defendants deny the allegation.

4. In response to the allegation in Paragraph 4 of the Complaint that the New York Legislature took certain action, Defendants aver that any legislative action by the New York Legislature speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4.

5. Defendants deny the allegations in Paragraph 5 of the Complaint.

6-8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 6 through 8 of the Complaint.

9-11. Defendants deny the allegations in Paragraph 9 through 11 of the Complaint.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint.

13-14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 13 through 14 of the Complaint.

15. Defendants deny the allegation in Paragraph 15 of the Compliant that MCA Receivables advanced $7,500. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15.

16. Defendants deny the allegations in Paragraph 16 of the Compliant that MCA Receivables was paid back $2,132 and that it issued an *ex parte*, non-judicial levy of $29,924.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16.

17-18.    Defendants deny the allegations in Paragraphs 17 and 18 of the Complaint to the extent they pertain to Defendants.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 17 and 18.

19.    Defendants admit the allegation in Paragraph 19 of the Complaint that MCA Receivables advanced $7,800.  Defendants deny the allegation in Paragraph 19 that MCA Receivables "purchased" $10,000.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19.

20.    Defendants deny the allegation in Paragraph 20 of the Complaint.

21-31.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 21 through 31 of the Complaint.

32.    Defendants admit the allegations in Paragraph 32 of the Complaint.

33.    In response to the allegations in Paragraph 33 of the Complaint, Defendants admit that MCA Receivables does not appear in the New York Department of State Division of Corporations database, but deny that MCA Receivables is doing business in New York.

34.    Defendants admit the allegations in Paragraph 34 of the Complaint.

35-36.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 35 and 36 of the Complaint.

37-42.    The allegations in Paragraphs 37 through 42 of the Complaint are legal conclusions to which no response is required.

43-60. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 43 through 60 of the Complaint. To the extent the allegations imply wrongdoing by Defendants, Defendants deny the allegations.

61-70. Defendants deny the allegations in Paragraphs 61 through 70 of the Complaint to the extent they pertain to Defendants. Otherwise, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 61 through 70.

71-110. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 71 through 110 of the Complaint.

111-113. In response to the allegations in Paragraph 111 through 113 of the Complaint, Defendants aver that the terms of the referenced agreement speak for themselves and deny any allegations inconsistent with those terms.

114-115. Defendants deny the allegations in Paragraphs 114 and 115 of the Complaint.

116. Defendants deny the allegation in Paragraph 116 of the Complaint that MCA Receivables did not advance the full purchase price. In response to the remaining allegation, Defendants aver that the terms of the referenced agreement speak for themselves and deny any allegations inconsistent with the those terms.

117. In response to the allegation in Paragraph 117 of the Complaint, Defendants aver that the terms of the referenced agreement speak for themselves and deny any allegations inconsistent with those terms.

118. Defendants deny the allegations in Paragraph 118 of the Complaint.

119. Defendants admit that MCA Receivable advanced $7,800. Defendants deny the remaining allegations in Paragraph 119 of the Complaint.

120. Defendants deny the allegations in Paragraph 120 of the Complaint.

121-136. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 121 through 136 of the Complaint.

137. Defendants deny the allegations in Paragraph 137 of the Complaint.

138. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 of the Complaint.

139. Defendants deny the allegations in Paragraph 139 of the Complaint.

140. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 of the Complaint.

141-143. Defendants deny the allegations in Paragraphs 141 through 143 of the Complaint.

144. Defendants repeat and re-allege their responses to the allegations of each of the foregoing paragraphs as if fully set forth herein.

145-152. The allegations in Paragraphs 145 through 152 of the Complaint are not factual allegations to which a response is required. To the extent a response is required, Defendants deny the allegations.

153. Defendants repeat and re-allege their responses to the allegations of each of the foregoing paragraphs as if fully set forth herein.

154-162. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 154 through 162 of the Complaint.

163. Defendants admit that Mr. Getter is a person and a principal of MCA Receivables. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 163 of the Complaint.

164-167.	Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 164 through 167 of the Complaint.

168.	Defendants deny the allegations in Paragraph 168 of the Complaint.

169.	Defendants deny the allegations in Paragraph 169 of the Complaint to the extent they pertain to Defendants.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 169 of the Complaint.

170-173.	Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 170 through 173 of the Complaint.

174.	Defendants deny the allegations in Paragraph 174 of the Complaint.

175-197.	Defendants deny the allegations in Paragraphs 175 through 197 of the Complaint to the extent they pertain to Defendants.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 175 through 197 of the Complaint.

198.	Defendants repeat and re-allege their responses to the allegations of each of the foregoing paragraphs as if fully set forth herein.

199-207.	Defendants deny the allegations in Paragraphs 199 through 207 of the Complaint to the extent they pertain to Defendants.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 199 through 207 of the Complaint.

208.	Defendants repeat and re-allege their responses to the allegations of each of the foregoing paragraphs as if fully set forth herein.

209-211.	Defendants deny the allegations in Paragraphs 209 through 211 of the Complaint to the extent they pertain to Defendants.  Defendants lack knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 209 through 211 of the Complaint.

212. Defendants repeat and re-allege their responses to the allegations of each of the foregoing paragraphs as if fully set forth herein.

213-223. Defendants deny the allegations in Paragraphs 213 through 223 of the Complaint to the extent they pertain to Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 213 through 223 of the Complaint.

224. Defendants repeat and re-allege their responses to the allegations of each of the foregoing paragraphs as if fully set forth herein.

225-228. Defendants deny the allegations in Paragraphs 225 through 228 of the Complaint to the extent they pertain to Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 225 through 228 of the Complaint.

229. Defendants repeat and re-allege their responses to the allegations of each of the foregoing paragraphs as if fully set forth herein.

230-233. Defendants deny the allegations in Paragraphs 230 through 233 of the Complaint to the extent they pertain to Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 230 through 233 of the Complaint.

234. In response to the allegation in Paragraph 234 of the Complaint, Defendants aver that the terms of the referenced agreement speak for themselves and deny any allegations inconsistent with those terms.

235. Defendants deny the allegations in Paragraph 235 of the Complaint to the extent they pertain to Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 235 of the Complaint.

236. In response to the allegation in Paragraph 236 of the Complaint, Defendants aver that the terms of the referenced statute speak for themselves and deny any allegations inconsistent with those terms.

237. In response to the allegation in Paragraph 237 of the Complaint, Defendants aver that the terms of the referenced practice guide speak for themselves and deny any allegations inconsistent with those terms.

238-241. Defendants deny the allegations in Paragraphs 238 through 241 of the Complaint to the extent they pertain to Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 238 through 241 of the Complaint.

242. Defendants admit that MCA Receivables served a writ of prejudgment attachment after Plaintiffs defaulted under the parties' agreement. Defendants deny any allegations inconsistent with the terms of the writ of prejudgment attachment.

243-247. Defendants deny the allegations in Paragraphs 243 through 247 of the Complaint to the extent they pertain to Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraphs 243 through 247 of the Complaint.

### THIRD DEFENSE
### (Estoppel)

Plaintiffs' claims are barred by the doctrine of estoppel.

### **FOURTH DEFENSE**
### **(Waiver)**

Plaintiffs' claims are barred by the doctrine of waiver.

### **FIFTH DEFENSE**
### **(Ratification)**

Plaintiffs' claims are barred by the doctrine of ratification.

### **SIXTH DEFENSE**
### **(Failure to Plead with Particularity)**

Plaintiffs' fraud and fraud-based claims are barred for failure to plead with particularity.

### **SEVENTH DEFENSE**
### **(Release)**

Plaintiffs' claims are barred by the doctrine of release.

### **EIGHTH DEFENSE**
### **(Accord and Satisfaction)**

Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

### **NINTH DEFENSE**
### **(Class Action Waiver)**

Plaintiffs' claims are barred by the class action waiver contained in the parties' agreement(s).

### **TENTH DEFENSE**
### **(Mitigation of Damages)**

Plaintiffs' claims are barred to the extent they failed to mitigate their damages.

### **ELEVENTH DEFENSE**
### **(Fraudulent Conduct)**

Plaintiffs' claims are barred in whole or in part because they engaged in fraudulent conduct by, among other things, making material misrepresentations and omissions.

### TWELFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiffs' claims are barred in whole or in part because they do not come to the Court with clean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Litigation Privilege)

Plaintiffs' claims are barred in whole or in part because the alleged unlawful acts or statements were made in the course of contemplated or filed judicial proceedings.

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Good Faith)

Plaintiffs' claims are barred in whole or in part because Defendants acted in good faith.

### FIFTEENTH AFFIRMATIVE DEFENSE
### (In Pari Delicto)

Plaintiffs' claims are barred in whole or in part because Plaintiffs are equally at fault for any damages or misconduct.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Prior Breach/Repudiation)

Plaintiffs' claims are barred in whole or in part because even if Defendants breached any contract, Plaintiffs breached first.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Standing/Lack of Subject Matter Jurisdiction)

Plaintiffs' claims are barred because Plaintiffs have not been injured and have no standing.

### EIGHTTEENTH AFFIRMATIVE DEFENSE
### (Improper Venue)

Plaintiffs' claims are barred because Plaintiffs have sued in an improper venue.

\*\*\*

NOW having fully answered, Defendants requests that the Court dismiss Plaintiffs' Complaint with prejudice, and award Defendants their costs and fees incurred in defending this matter and all other damages and relief to which they are entitled.

Dated: February 16, 2023 　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　*/s Will Parsons*
　　　　　　　　　　　　　　　　　　　　　　Will Parsons
　　　　　　　　　　　　　　　　　　　　　　WELLS LAW P.C.
　　　　　　　　　　　　　　　　　　　　　　229 Warner Road
　　　　　　　　　　　　　　　　　　　　　　Lancaster, New York 14086
　　　　　　　　　　　　　　　　　　　　　　(716) 983-4750
　　　　　　　　　　　　　　　　　　　　　　will@wellspc.com

　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants*